UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RAYSHAWN SHOFFNER,

     Plaintiff,

v.                                Case No. 3:22cv1009-MCR-HTC


OKALOOSA COUNTY DEPARTMENT OF CORRECTIONS,
 SGT. OKALOOSA COUNTY JAIL PRATT,
 CORRECTIONS OFFICER MCCURLEY,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Rayshawn Shoffner, a prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike. ECF Doc. 21. The motion was referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review of the motion, Plaintiff's amended response in opposition, ECF Doc. 25, and Defendants' reply, ECF Doc. 26, the undersigned recommends the motion to dismiss be GRANTED because Plaintiff failed to exhaust his administrative remedies.

Plaintiff sues Defendants for deliberate indifference for conduct occurring when he was booked at the Okaloosa County Jail on December 29, 2021. Specifically, Plaintiff alleges Defendants placed him in a restraint chair, where he remained for four (4) hours. Plaintiff also alleges Defendants deprived him of food for twenty-four (24) hours and allowed him to defecate on himself and remain in his feces for 18-20 hours.

Defendants move to dismiss Plaintiff's second amended complaint based on his failure to timely exhaust his administrative remedies at the Jail. ECF Doc. 21. Specifically, Defendants argue Plaintiff failed to file a grievance within seven (7) days of the alleged incident as required by the policies of the Okaloosa County Department of Corrections ("Department"). *Id.* In support of the motion, Defendants attach an Affidavit from April McDaniel, Captain of Support Services with the Department, as well as an Inmate Grievance Policy and an Inmate Handbook, both of which are authenticated by Captain McDaniel. ECF Doc. 21-1.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of all available administrative remedies is a mandatory pre-condition to suit. 28 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether the plaintiff seeks declaratory and injunctive relief, monetary damages or both. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 734. A court must dismiss an action if it is satisfied the

plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

Although failure to exhaust administrative remedies is an affirmative defense, it may be decided on a motion to dismiss. *See Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). Additionally, because it is a matter of abatement, the court may resolve the matter by taking evidence and making factual findings. *See id.* at 1376. Deciding a motion to dismiss for failure to exhaust administrative remedies involves two (2) steps. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response. *Id.* If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*; *see also Bryant*, 530 F.3d at 1373-74. If the complaint is not subject to dismissal at the first step, the court proceeds to the second step, which requires the court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.*

Because Plaintiff was a pretrial detainee at the Jail and complains of events occurring at the Jail, he must follow the Jail's exhaustion procedures. *Woodford v.*

*Ngo*, 548 U.S. 81, 94-95 (2006) ("[T]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). According to the Policy and Handbook in effect in 2021-2022, a grievance may be filed on a matter relating to individual staff and inmate actions, application of policies, rules and procedures and any other matter related to the conditions of care and supervision. ECF Doc. 21-1 at 7, 21. The Policy requires such grievances or complaints to "be filed within seven (7) days of the incident utilizing the electronic request system." *Id*. at 8. According to Captain McDaniel's affidavit, "[i]nmates have access to file a grievance through forms made available in the housing units." *Id*. at 3. Additionally, the Inmate Handbook, which explains the grievance procedures of the Jail, is also "made available." *Id*.

As stated above, the incident Plaintiff complains of occurred on December 29, 2021, the day he was booked in the Jail. ECF Docs. 11, 21-1 at 4. However, according to Captain McDaniel, the first grievance Plaintiff filed after that incident was on February 17, 2021, approximately fifty (50) days later.[1] ECF Doc. 21-1 at

---

[1] According to Captain McDaniel, Plaintiff filed thirteen grievances after February 17 relating to various complaints he had at the Jail. Captain McDaniel does not state whether any of those relate to the subject incident and the grievances are not attached to the Defendants' motion. ECF Doc. 21-1 at 4.

4.  An untimely filed grievance does not meet the PLRA's exhaustion requirement. *See e.g., Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). Plaintiff does not dispute he did not file a timely grievance. Instead, Plaintiff argues in the response the kiosk through which grievances could be filed was not available to him from December 29 to January 4, because he was a mental health patient. ECF Doc. 25 at 1.[2] He also contends he was transferred to a medical type unit on January 5, and even though kiosks were available to him there, he had problems with his log-in information. *Id.* Thus, Plaintiff argues the grievance procedures were not available to him.

A prisoner cannot be expected to exhaust remedies that are not available. As the Eleventh Circuit stated in *Turner*, "remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." *Turner*, 541 F.3d at 1084. A remedy is unavailable if: (1) the administrative remedy is "a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use … [and] no ordinary prisoner can navigate it;" or (3) prison officials "thwart inmates from taking advantage of [a grievance process] through machination, misrepresentation, or

---

[2] Plaintiff initially filed a response on or about August 8, 2022, but the response was not signed under penalty of perjury. ECF Doc. 23. The Court gave him an opportunity to submit an amended response, which he did.

intimidation." *Ross v. Blake*, 578 U.S. 643, 644 (2016). "While the burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison,* 974 F.3d 1348, 1356 (11th Cir. 2020).

Given Plaintiff's response, the complaint is not subject to dismissal under the first step of the 2-step *Turner* analysis, and the Court must proceed to the second step. Under the second step, the Court finds Plaintiff has not shown the grievance procedures were unavailable to him. First, according to the Handbook, Plaintiff could have submitted an informal complaint to the Post Officer. ECF Doc. 26-2 at 13. The Handbook states that such informal complaints are encouraged. *Id.* Indeed, Captain McDaniel states in the affidavit submitted with the Defendants' reply that Plaintiff could have communicated the grievance to the post supervisor or the floor officer – but did not do either. *Id.* 26-1 at 3. Second, Plaintiff could have sought assistance from the floor officer when he had trouble with his log-in information. *Id.* at 14 ("Assistance may be provided by a staff member when necessary to communicate the grievance."). Plaintiff does not state, nor is there any evidence, he sought such assistance while he was in the mental health unit or when he was having problems with his log-in. Thus, the undersigned finds Plaintiff has failed to exhaust

available administrative remedies.   Plaintiff's complaint should therefore be dismissed.[3]

Accordingly, it is RECOMMENDED:

1.    That Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Doc. 21) be GRANTED.

2.    That Defendants' Motion to Strike be DENIED as Moot.

3.    That this case be DISMISSED.

4.    That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of August, 2022.


*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[3] Because the Court finds Plaintiff has failed to exhaust administrative remedies, the Court need not address Defendants' motion to strike Plaintiff's claim for punitive damages or damages for emotional injury.